UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRYCE FRENCH | CIVIL ACTION |
| VERSUS | NO. 17-5769 |
| LIBERTY MUTUAL INSURANCE COMPANY, ET AL. | SECTION "R" (3) |

## **ORDER AND REASONS**

Before the Court is defendant Murphy Wallbed Systems, Inc.'s motion to strike plaintiff Bryce French's amended complaint.[1] For the following reasons, the Court denies the motion.

## I. BACKGROUND

This case arises from an injury plaintiff allegedly sustained assembling a wall bed.[2] Plaintiff alleges that in January 2016, he purchased a wall bed from defendant Breda, Inc.[3] On or about February 16, 2016, plaintiff allegedly injured his hand while attempting to assemble the bed.[4] Plaintiff

---

[1] R. Doc. 18.
[2] R. Doc. 11.
[3] *Id.* at 3 ¶ 6.
[4] *Id.* at 4 ¶ 11.

alleges that the bed was unreasonably dangerous in contravention of the Louisiana Products Liability Act.[5]

On February 9, 2017, plaintiff filed a petition for damages in the Civil District Court for the Parish of Orleans against Breda and defendant Liberty Mutual Insurance Company, which allegedly provided liability insurance to Breda.[6] Breda and Liberty Mutual removed the action to this Court on June 13, 2017, asserting diversity jurisdiction under 28 U.S.C. § 1332.[7] On November 16, 2017, the Court entered a scheduling order requiring all amended pleadings to be filed by December 18, 2017.[8] On April 24, 2018, plaintiff sought leave to file an amended complaint adding Murphy and ABC Insurance Company as defendants, which the Court granted on April 25, 2018.[9] Plaintiff alleges that Murphy designed and manufactured many of the component parts for the wall bed, including the hardware, mechanism arms,

---

[5] *Id.* ¶ 12.
[6] R. Doc. 1-9.
[7] R. Doc. 1.
[8] R. Doc. 8.
[9] R. Doc. 9; R. Doc. 10.

and bed frame.[10] Murphy now moves to strike plaintiff's amended complaint as untimely.[11] Plaintiff opposes the motion.[12]

**II.   DISCUSSION**

Courts in this circuit apply Federal Rule of Civil Procedure 16(b) when leave to amend a pleading requires modification of the scheduling order. *S&W Enters., LLC v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., LLC*, 315 F.3d at 535 (internal citations omitted). Courts specifically consider "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536.

The Court finds that good cause exists for plaintiff's untimely amended complaint. First, plaintiff has explained that he did not confirm Murphy's

---

[10]   R. Doc. 11 at 3 ¶ 8.
[11]   R. Doc. 18.
[12]   R. Doc. 21.

3

identity and connection to his cause of action until after the deadline for filing amended pleadings had passed. Plaintiff asserts that on December 12, 2017, counsel for Breda "informally" advised him that Murphy may have manufactured the product's component parts.[13] Plaintiff states that Breda then definitively confirmed Murphy's role on March 19, 2018, during written discovery.[14] Plaintiff sought leave to amend his complaint 36 days after Breda's confirmation.[15] Because plaintiff has provided a satisfactory explanation for why his amended complaint is untimely, the first factor in *S&W Enterprises* weighs in plaintiff's favor. *See Boyd v. Boeing Co.*, No. 15-25, 2016 WL 760687, at *1, 3 (E.D. La. Feb. 26, 2016) (finding good cause to modify scheduling order when plaintiff learned the identities of potential defendants during the course of discovery).

Second, plaintiff's amended complaint is important in order to ensure the presence in this lawsuit of all parties that may bear responsibility for his injuries. *See In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, No. 07-1873, 2012 WL 1665901, at *2 (E.D. La. May 11, 2012) (in a products liability suit, finding it critically important that the plaintiffs be allowed to amend their complaint to add as a defendant the manufacturer of the allegedly

---

[13] R. Doc. 21 at 2.
[14] *Id.*
[15] R. Doc. 9.

defective product). The second factor in *S&W Enterprises* therefore also weighs in plaintiff's favor.

Finally, there are over two months before Murphy's deadline to submit expert disclosures, and over three months until the discovery deadline.[16] Trial is over four months away, on January 14, 2018. Plaintiff's amended pleading does not introduce new causes of action or theories of liability, and this action involves a single plaintiff and four defendants, two of which are liability insurers. Under these circumstances, Murphy is not significantly prejudiced by plaintiff's untimely amended complaint. *Cf. Harney v. Select Portfolio Servicing, Inc.*, No. 16-1998, 2018 WL 1182407, at *5 (E.D. La. Mar. 7, 2018) (finding prejudice to the defendant when the plaintiffs sought to add new causes of action to their complaint after the deadlines for discovery and dispositive motions had already passed). The third and fourth factors in *S&W Enterprises* thus also weigh in favor of plaintiff.

The Court therefore finds that plaintiff has established good cause for his untimely amended complaint.[17]

---

[16] R. Doc. 8.
[17] Plaintiff incorrectly cited the more lenient standard under Federal Rule of Civil Procedure 15(a) in his initial unopposed motion for leave to file his amended complaint. R. Doc. 9. He did not attempt to show that his amended complaint satisfied Rule 16(b). *See id.* But in his opposition to the instant motion, plaintiff has provided information that meets the criteria set by Rule 16(b). *See* R. Doc. 21.

5

## III. CONCLUSION

For the foregoing reasons, Murphy's motion is DENIED.

New Orleans, Louisiana, this __27th__ day of August, 2018.

_____
      SARAH S. VANCE
UNITED STATES DISTRICT JUDGE